Neel, J.
Petitioner Roderick Ridgel (“Ridgel”) seeks a writ of habeas corpus, claiming that he is entitled to be credited with 374 days of earned good time deductions for participation in qualified programs. Ridgel also seeks to amend his complaint to add a count for declaratory *596 judgment. Respondents seek partial summary judgment as to petitioner’s entitlement to more than 7.5 days per month G.L.c. 127 Sec. 129D earned good time credits, and as to the validity of the Department of Corrections’ 1978 and 1987 Deduction From Sentence regulations.
I. Petition for Writ of Habeas Corpus and Motion to Amend.
Petitioner alleges at paragraph 9 of his petition that he should be “. . . discharged ... on or about March 27, 1994 . . .” Inasmuch as petitioner does not claim entitlement to immediate release from custody, his petition for writ of habeas corpus is denied. Petitioner’s motion for leave to amend his petition to add a claim for declaratory relief is allowed.
II. Motion for Partial Summary Judgment.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
Respondents ask the Court to rule that petitioner is not entitled to earn more than 7.5 days G.L.c. 127 Sec. 129D earned good time credits per month, and that the Department of Correction’s 1978 and 1987 deduction from sentence regulations are valid.
Petitioner seeks, inter alia, credit for more than 7.5 days per month earned good time, arguing that the 1987 amendment to 103 CMR 411 and the 1989 amendment to G.L.c. 127 Sec. 129D are invalid ex post facto laws.
Respondents argue that the 7.5 days per month cap on §129D earned good time, as enacted by St. 1989, c. 321 (August 2, 1989), is a valid regulation and does not violate the ex post facto provision of the United States Constitution. Respondents correctly interpret the effect of the 7.5 day per month cap. Since at least 1978, Department of Correction regulations had provided a 7.5 day cap. 103 Code Mass. Regs. §411.09 (1978 and 1987 eds.). “Agency regulations have the force of law.” Royce v. Commissioner of Correction, 370 Mass. 425, 427 (1983). Accordingly, neither the 7.5 day cap under §129D as amended in 1989, nor that embodied in the 1987 regulation, made the DOC earned good time regulation more onerous than before 1989 or 1987, respectively. See Piper v. Perrin, 560 F.Supp. 253, 258 (D.N.H. 1983). Respondents’ motion for partial summary judgment as to this issue is allowed.
Petitioner also claims that the DOC’s 1978 and 1987 deduction from sentence regulations were not promulgated in accordance with G.L.c. 30A. In response, respondents have presented sufficient evidence to establish that DOC followed proper procedures when it promulgated the 1978 and 1987 CMR,.
Respondents offer records on file at the secretary of state’s office that tend to prove that DOC properly promulgated the 1978 CMR. According to these documents, the 1978 CMR was merely a reprint of 1975 DOC regulations (D.O. 4620.1) which were properly promulgated in 1975. Respondents offer a letter from Robert A. Bell, Chief Counsel, dated March 6, 1975, which states that notice regarding D.O. 4620.1 was published according to Chapter 30A.
With regard to the 1987 regulation, respondents have offered documents sufficient to demonstrate that DOC properly promulgated the 1987 CMR. Respondents offer a 1987 Regulation Filing, filed with the secretary of state’s office August 7, 1987. The Regulation Filing establishes the dates of public comment on the 1987 CMR. The Regulation Filing also indicates that the 1987 CMR was published in the Massachusetts Register as required under Chapter 30A, §6. Under §6, publication of a regulation in the Massachusetts Register creates a rebuttable presumption “[t]hat it was duly issued, prescribed, or promulgated; (2) that all the requirements of this chapter, and regulations under it relative to this document have been complied with; and (3) that the text of the regulations as published in the Massachusetts Register is a true copy of the attested regulations as filed by the agency.”
Petitioner has failed to offer any contrary evidence to that submitted by respondents on the validity of the 1978 and 1987 Deduction From Sentence Regulations. Accordingly, respondents’ motion for partial summary judgment as to those issues is allowed.
ORDER
For the reasons stated above, petitioner Roderick Ridgel’s Petition for Writ of Habeas Corpus is DENIED; petitioner’s “Amendment to Petitioner (sic) Complaint for Declaratory Judgment” is treated as a motion for leave to amend, and is ALLOWED; and Respondents’ Motion for Partial Summary Judgment is ALLOWED.